UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH TROTTA                                                    CIVIL ACTION

VERSUS                                                           NO. 15-1186

CAJUN CONTI LLC D/B/A "OLD NEW                                   SECTION "R"(2)
ORLEANS COOKERY"  ET AL.

## ORDER ON MOTION

In this Title VII case, plaintiff, Joseph Trotta, alleges that defendants, his former employers, terminated his employment as a restaurant manager in retaliation for his support of another employee's complaint of racial discrimination.  Defendants filed a Motion to Quash Rule 30(b)(6) Depositions of Defendants and for Protective Order. Record Doc. No. 46.  Trotta filed a timely memorandum in opposition, Record Doc. No. 49, and defendants received leave to file a reply memorandum.  Record Doc. Nos. 50, 51, 52.  IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

The motion is granted in that the subpoenas duces tecum issued to defendants on October 12, 2016, commanding the production of documents on October 26, 2016, Record Doc. No. 50-6, are quashed.  As I and others have previously held, plaintiff's use of a Rule 45 subpoena duces tecum instead of Rule 34 requests for production must be viewed as an attempt to circumvent the time requirements – 30 days to respond – and other orderly procedures, both for objections to such requests and for production of materials, between parties contemplated by Fed. R. Civ. P. 34.  Nguyen v. La. State Bd. of Cosmetology, No.

14-80-BAJ-RLB, 2016 WL 320152, at *1-2 (M.D. La. Jan. 26, 2016); Hamilton v. Ochsner Health Sys., No. 12-1398, 2012 WL 6725609, at *3 (E.D. La. Dec. 27, 2012); Pearson v. Trinity Yachts, Inc., No. 10-2813, 2011 WL 1884730, at *1 (E.D. La. May 18, 2011); Powell v. United States, No. 09-1873, 2009 WL 5184338, at *1 (E.D. La. Dec. 22, 2009); Thomas v. IEM, Inc., No. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008).  When compared to the procedure set forth in Rule 34, the notice period of 14 days for document production at the scheduled depositions in these subpoenas duces tecum was wholly unreasonable.

However, on September 26, 2016, plaintiff noticed defendants' Rule 30(b)(6) depositions for October 26, 2016, with a list of deposition topics and requests for production to each defendant.  These requests for production properly gave defendants 30 days to respond.  After the parties conferred regarding defendants' objections to some of the deposition topics and production requests, plaintiff issued to each defendant identical amended notices of deposition with more than 60 topics and 26 requests for production.  Record Doc. Nos. 46-3, 46-4.  Plaintiff further agreed to refine each use of the term "similar job responsibilities" in the amended topics and requests for production to read "employees with materially similar job responsibilities as Plaintiff who share/ed the same supervisor(s) as Plaintiff."  Record Doc. No. 46-5.

Defendants object to three categories of the topics and requests for production.  Defendants seek both to quash the deposition notices and a protective order limiting the deposition topics and requests for production.

A.    <u>Legal Standards</u>

The disputes that are the subject of this motion center principally on proportionality. Permissible discovery extends only to that which is non-privileged, relevant to claims and defenses in the case and within the applicable Rule's proportionality limits, regardless whether those limits arise from the indistinguishable standards of Fed. R. Civ. P. 26(b)(1) and (b)(2)(C) as they existed at the time this case was filed or in those same Rules as presently configured.[1]

Fed. R. Civ. P. 26(c)(1) governs motions for protective orders. The Rule provides in pertinent part: "A party or any person from whom discovery is sought may move for a protective order . . . The court <u>may</u>, <u>for good cause</u>, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, . . . for the . . . discovery."

The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir. 1998) (quoting <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); <u>see</u>

---

[1] This action was filed before the December 1, 2015 effective date of the recent amendments to the Federal Rules of Civil Procedure. Nonetheless, because the pre- and post-amendment standards are indistinguishable, I apply the current version of Rule 26 to the instant motion.

also <u>United States v. Talco Contractors, Inc.</u>, 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

    B.    <u>Relevant Time Period</u>

As a threshold matter, defendants object that plaintiff seeks information for an excessively long time period of January 1, 2011 through the present. The objection is sustained and the motion is granted in that Trotta's deposition topics and requests for production are limited to a relevant time period from two years before he began working for defendants until one year after his employment was terminated, or from March 1, 2011 until August 3, 2015.

    C.    <u>Information about Employees with Materially Similar Job Responsibilities and Who Shared the Same Supervisor(s) as Plaintiff</u>

The first category of inquiries to which defendants object relates to employees with materially similar job responsibilities and who shared the same supervisor(s) as plaintiff. Specifically, Topics 1(a) through 1(e), 1(g), 1(j), 1(l), 1(o), 1(q), 1(s) and 1(u); Topic 2(d); Topics 3(c) and 3(f); Topic 5(b); and Requests for Production Nos. 1 and 2 seek information about such employees' qualifications, disciplinary records, terminations, job duties, hierarchy, performance, compensation, training, complaints, acknowledgment of receipt of employee handbook, and limited parts of personnel files. Defendants object that these requests are overly broad and seek irrelevant information. They argue that plaintiff should only be permitted to discover information related to other employees who were "similarly situated" to him and were treated more favorably under "nearly identical

- 4 -

circumstances." See Lee v. Kan. City S. Ry., 574 F.3d 253, 259 (5th Cir. 2009) (As part of a prima facie case of discrimination, plaintiff must prove that he was treated less favorably than "other similarly situated employees who were not members of [his] protected class, under nearly identical circumstances."). Defendants assert that they have already produced all information concerning the only similarly situated comparator, Chris Duplantis, who, like plaintiff, was accused of sexual harassment. Defendants argue that "Kenny," the only other person whom Trotta identified as "similarly situated," does not meet the "nearly identical" test because he was a chef, not a manager, and did not commit the same types of poor performance and sexual harassment for which Trotta was terminated. Defendants contend that plaintiff should not be permitted to discover information about Kenny or any other employee who meets plaintiff's definition of employees with materially similar job responsibilities who shared the same supervisor(s), which defendants argue is not the same as "similarly situated" under "nearly identical circumstances." Finally, defendants assert that responding to these requests under plaintiff's definition would be unduly burdensome because they employed 42 managers between January 1, 2011 and the present, who staffed two shifts a day with a minimum of three managers per shift.

Trotta responds that he should be allowed to conduct his own factual inquiry into possible comparators in his effort to prove that defendants' reason for termination was pretextual. He asserts that, given the broad scope of relevance for discovery purposes, he should not be limited to only those employees selected by defendants who meet the narrow

definition of similarly situated employees. As to proportionality, plaintiff points out that the information is critical to the pretext issue, exclusively in defendants' hands, and important to resolving the case to rebut defendants' proffered legitimate reasons for his termination.

The reported decisions cited by defendants and precedent on which they relied for the "similarly situated" standards involved discrimination claims, <u>not</u> retaliation claims. To rebut defendants' legitimate reasons for terminating him, Trotta's ultimate burden will be to show that the

> reason is actually a pretext for <u>retaliation</u>, which the employee accomplishes by showing that the adverse action would not have occurred "but for" the employer's retaliatory motive. In order to avoid summary judgment, the plaintiff must show "a conflict in substantial evidence" on the question of whether the employer would not have taken the action "but for" the protected activity.

<u>Feist v. La., Dep't of Justice</u>, 730 F.3d 450, 454 (5th Cir. 2013) (quotations omitted) (emphasis added). This "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." <u>Wheat v. Fla. Parish Juvenile Justice Comm'n</u>, 811 F.3d 702, 705 (5th Cir. 2016) (quotation omitted).

> However, the existence of a causal link between protected activity and an adverse employment action is a highly fact specific and difficult question. We have previously said that indicia of causation may be seen in factors such as: (1) the employee's past disciplinary record, (2) whether the employer followed its typical policy and procedures in terminating the employee, and (3) the temporal proximity between the employee's [protected] conduct and termination.

Smith v. Xerox Corp., 371 F. App'x 514, 520 (5th Cir. 2010) (quotation, citations and footnotes omitted).

Thus, the "but for" causation test applicable to retaliation claims is broader than the "similarly situated" test for disparate treatment discrimination claims, particularly with respect to whether the employer followed its typical policy and procedures, which makes its treatment of other employees who are not necessarily "similarly situated" in "nearly identical circumstances" relevant and discoverable. The Fifth Circuit has occasionally approved the use of the "similarly situated" and "nearly identical" test in cases that included both retaliation and discrimination claims, but without much analysis other than stating that courts use the same McDonnell Douglas burden-shifting standard in both types of case, and usually citing only discrimination cases in support of the "similarly situated" language. E.g., Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 405 (5th Cir. 2013); Dooley v. Parks & Recreation, 433 F. App'x 321, 325 (5th Cir. 2011); Bryant v. Compass Grp. USA Inc., 413 F.3d 471, 478 (5th Cir. 2005). Thus, while plaintiff may attempt to show pretext based on similarly situated comparators, that is not his only route to carrying his burden.

In addition, even if the "similarly situated" test applies to plaintiff's burden to show a retaliatory motive, it is well established that "'nearly identical' is not synonymous with 'identical.' . . . . For example . . . [e]ach employee's track record at the company need not comprise the identical number of identical infractions, albeit these records must be comparable." Turner v. Kan. City S. Ry., 675 F.3d 887, 893 (5th Cir. 2012) (quotations

and citations omitted). Defendants appear to argue for a complete identity standard, which is not the law.

Therefore, defendants' motion is denied to the extent it seeks to limit discovery to "similarly situated" employees in "nearly identical" circumstances. I find that Trotta's definition of employees with materially similar job responsibilities who shared the same supervisor(s) as plaintiff is proportionate to the needs of his retaliation case because the information is critical to showing pretext, plaintiff has no access to the relevant information without seeking it from defendants, and defendants have failed to make a specific demonstration of fact to show good cause for imposing the more limited language they seek in Topics 1(a) through 1(e), 1(g), 1(j), 1(l), 1(o), 1(q), 1(s) and 1(u); Topic 2(d); Topics 3(c) and 3(f); Topic 5(b); and Requests for Production Nos. 1 and 2.

However, the motion is granted as to Topic 1(s), which seeks information about discipline of employees who did not comply with defendants' policies regarding internal e-mail. Trotta has made no showing that this request is relevant in any way to his retaliation claim or defendants' defenses.

As to Topic No. 1(g) and Request for Production No. 2, the motion is denied despite the fact that both seek portions of personnel files of non-parties to this litigation. Although personnel files of non-party individual employees often contain family, health, financial and other highly personal information that has no relevance to a lawsuit, and discovery of such files presents special concerns about the privacy rights of the individuals involved, Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002)

(citing <u>Gehring v. Case Corp.</u>, 43 F.3d 340, 342 (7th Cir. 1994); <u>Knoll v. Am. Tel. & Tel. Co.</u>, 176 F.3d 359, 365 (6th Cir. 1999); <u>Atkinson v. Denton Publ'g Co.</u>, 84 F.3d 144, 148 (5th Cir. 1996)), Trotta's requests are specifically limited to disciplinary records, performance evaluations, complaints, promotions and job duties. Therefore, the court need not examine the requested files in camera to determine their relevance and need for confidentiality. Before producing materials responsive to these requests, defendants must redact all but the last four numbers of any social security or financial account numbers, minor's initials, and the year of birth in any birth dates in the documents. Fed. R. Civ. P. 5.2(a). In addition, production of these non-party personnel files is subject to the protective order already entered in this matter. Record Doc. No. 43.

### D. Information about Investigations

Under this category, defendants object to plaintiff's Topic Nos. 1(aa), 1(ae), 1(af), 5(a) and 5(b) of the deposition notices, which Trotta has agreed to limit to disciplinary actions by defendants against employees with materially similar job responsibilities who shared the same supervisor(s) as plaintiff in connection with inspections made by the Department of Health and Hospitals or other regulatory agencies. This objection is sustained and the motion is granted as to Topic Nos. 1(ae), 1(af), 5(a) and 5(b) because they are not proportionate to the needs of the case. Defendants state that Trotta was terminated in part because of poor sanitation practices. However, nothing in either parties' submissions indicates that his termination was based on the results of any regulatory inspection. Defendants could observe, document and discipline plaintiff based on his own

poor sanitation practices, regardless whether any agency investigated or sanctioned defendants or whether defendants disciplined any employee regarding food safety and sanitation. Topic No. 1(aa) does not specifically state that it seeks information about regulatory investigations, but defendants' objection is sustained to the extent that the topic does. Topic No. 1(aa) is limited to food sanitation and preparation practices and standards within defendants' restaurants during the relevant time period.

### E. Information about Defendants' E-mail System

Defendants' motion is granted as to plaintiff's Topic No. 6. Trotta has made no showing that these subjects have any relevance to the claims and defenses in this case. Defendants assert, and Trotta has cited no evidence to dispute, that they have already produced all responsive e-mails to plaintiff's counsel. Counsel can question the senders and recipients of the e-mails about any ambiguities or lack of clarity, rather than requiring defendants to undertake the excessive burden in time and costs of examining the security and operations of their e-mail system.

### F. Documents Already Produced

The motion is granted as to materials responsive to Requests for Production Nos. 5, 6, 7, 8 and 9, which defendants assert they have already produced. Defendants may respond to these requests for production by identifying responsive materials by Bates numbers. If Trotta finds that certain of the identified documents have not already been produced, defendants must supplement their written responses and produce the missing documents in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

Accordingly, IT IS ORDERED that the Rule 30(b)(6) depositions must proceed promptly on a mutually agreeable date within the parameters outlined above.  IT IS FURTHER ORDERED that, no later than November 16, 2016, defendants must respond to plaintiff's Requests for Production Nos. 1, 2, 5, 6, 7, 8 and 9 fully and in writing, in accordance with Fed. R. Civ. P. 34, and make all documents responsive to Requests for Production Nos. 1 and 2 available to plaintiff's counsel.

The motion has been granted in part and denied in part.  In these circumstances, I find that a just apportionment of expenses is that each party should bear its own.  Fed. R. Civ. P. 37(a)(5)(C).  Accordingly, both parties' requests for attorney's fees are denied.

New Orleans, Louisiana, this \_\_\_\_2nd\_\_\_ day of November, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE