UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH TROTTA                                                CIVIL ACTION

VERSUS                                                       NO. 15-1186

CAJUN CONTI, LLC, ET AL.                                     SECTION "R" (2)

### ORDER AND REASONS

Defendants Cajun Conti, LLC and Cajun Bourbon, LLC move the Court for an award of attorneys' fees incurred by defendants while litigating the Title VII retaliation claim brought by plaintiff Joseph Trotta.[1] For the following reasons, the Court denies defendants' motion.

### I. BACKGROUND

Trotta worked at two restaurants owned by defendants in New Orleans, Louisiana.[2] On August 3, 2014, Trotta was notified that his employment with defendants was terminated.[3] On April 14, 2015, Trotta filed suit alleging that

---

[1] R. Doc. 69.
[2] The facts as described here are from the Court's January 13, 2017 Order granting defendants' motion for summary judgment, R. Doc. 67.
[3] *Id.* at 2.

he was fired as retaliation for protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

More specifically, Trotta alleged that he was fired for giving a statement to the EEOC regarding defendants' termination of another employee, Arthur Alexander.[4] Defendants filed a motion for summary judgment, which the Court granted because Trotta failed to establish a *prima facie* case of retaliation.

Defendants now move the Court for an order of attorneys' fees in the amount of $60,912.90 pursuant to 42 U.S.C. §2000e-5(k). Trotta filed a response in opposition.[5]

## II. LEGAL STANDARD

It is the general rule in the United States that in the absence of legislation providing otherwise, litigants are liable for their own attorney's fees. *See Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 415 (1978) (citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975)). Congress has, however, provided limited exceptions to this rule under certain statutes protecting particular

---

[4]  *Id.* at 3.
[5]  R. Doc. 71.

2

federal rights.  *See id.*  Some of these statutes make fee awards mandatory for a prevailing plaintiff.  Some make fee awards permissive but limit the parties who can recover to prevailing plaintiffs.  *See id.* at 415-16.  Many of these statutes, however, provide the district court with a great deal of flexibility and discretion in awarding attorney's fees to either a prevailing plaintiff or a prevailing defendant. Section 706(k) of the 1964 Civil Rights Act falls squarely within this last category.  Section 706(k) provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

Under § 706(k), a prevailing plaintiff is to be awarded attorney's fees in all but special circumstances.  *See Christiansburg*, 434 U.S. at 417. However, the policy considerations that support granting fees to a prevailing plaintiff are not present when there is a prevailing defendant.  As such, a district court may grant a prevailing defendant attorney's fees only when the court in its discretion finds that plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in bad faith." *Id.* at 421; *see also Little v. S. Elec. Steel Co.*, 595 F.2d 998, 1002-03 (5th Cir. 1979).

3

The Supreme Court emphasized that district courts need not conclude that simply because a plaintiff did not ultimately prevail, her action must have been unreasonable or without foundation. *See Christiansburg*, 434 U.S. at 421-22. The Supreme Court cautioned district courts against engaging in that type of "hindsight logic," because it could discourage all but the most airtight of claims and undercut the efforts of Congress to promote vigorous enforcement of the provisions of Title VII. *Id.*

## III. DISCUSSION

Defendants argue that they are entitled to attorneys' fees because Trotta's claims were frivolous, and they base their frivolousness argument entirely on that Trotta was unable to establish a *prima facie* case.[6] The argument offered by defendants asks the Court to engage in precisely the type of *post hoc* reasoning the Supreme Court cautioned against in *Christiansburg*. *Christiansburg* makes clear that a district court must not rely solely on the ultimate outcome of the ligation as the standard for whether attorney's fees should be awarded. *Id.* at 421 (citing *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976) (stating that awards of attorney's fees should not be granted to a prevailing defendant routinely or simply because

---

6    R. Doc. 69-1 at 3.

4

he succeeds)); *see also Hidden Oaks, Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980) ("The fact that the Court dismissed Plaintiffs' suit is not in itself a sufficient justification for the fee award.")).

Although Trotta was ultimately unsuccessful in defeating summary judgment, there is little in the record that shows that his claims were unreasonable, without foundation, frivolous, or vexatious when filed. Trotta attempted to support his retaliation claims with evidence obtained during discovery. This included testimony regarding his supervisors' use of racial slurs, hostile treatment, and constant threats of termination.[7] Further, it is undisputed that Trotta engaged in protected activity when he gave a statement to the EEOC, and was fired less than six weeks later.

Defendants note that Trotta testified that he had no evidence that defendants were aware that he made a statement to the EEOC until after they terminated him.[8] The Court relied on this in granting defendants summary judgment, as courts in this circuit require plaintiffs with retaliation claims to show at least some evidence that the decisionmakers responsible for the adverse action had knowledge of the plaintiff's protected activity in order to

---

[7] R. Doc. 57-5 at 25, 28.
[8] R. Doc. 57-6 at 45.

prove the causation prong of the prima facie case. *See, e.g., Manning v. Chevron Chem. Co., LLC*, 332 F. 3d 874, 883 (5th Cir. 2003). But plaintiff did not have evidence of this knowledge does not make his claim frivolous, especially since, in certain situations, this knowledge (and therefore causation) can be inferred from the temporal proximity of the protected activity and the adverse action. *See Richard v. Cingular Wireless LLC*, 233 F. App'x 334, 338 (5th Cir. 2007) ("This court allows, however, for an inference of causation to be drawn where the adverse employment action occurs in close temporal proximity to the protected conduct.") (citing *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001)). Trotta advanced this argument in opposition to summary judgment; that it failed is not indicative that his claim was frivolous.

As the Supreme Court stated in *Christiansburg*, "[n]o matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable." 434 U.S. at 422. In this case, Trotta was simply unable to support his claims with evidence sufficient to defeat summary judgment. For the Court to assess attorneys' fees against Trotta simply because he proved unsuccessful would add substantially to the risks of litigation while also undercutting the efforts of Congress to promote the vigorous

6

enforcement of Title VII.  Accordingly, defendants' motion for attorneys' fees is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for attorneys' fees.

New Orleans, Louisiana, this ___1st___ day of March, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE