UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH TROTTA                                    CIVIL ACTION

VERSUS                                           NO. 15-1186

CAJUN CONTI LLC                                  SECTION "R" (2)

# ORDER AND REASONS

Plaintiff Joseph Trotta moves the Court for a review of the Clerk's taxation of costs in favor of defendants Cajun Conti, LLC, and Cajun Bourbon, LLC.[1] For the following reasons, the Court denies plaintiff's motion.

## I. BACKGROUND

Plaintiff Trotta worked at two restaurants owned by defendants in New Orleans, Louisiana.[2] On August 3, 2014, Defendants terminated Trotta's employment.[3] On April 14, 2015, Trotta filed suit alleging that he was fired in retaliation for protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* More specifically, Trotta

---

[1] R. Doc. 82.
[2] For a more in-depth discussion of the facts underlying this case, *see generally* R. Doc. 67.
[3] R. Doc. 67 at 2.

alleged that he was fired for giving a statement to the EEOC regarding defendants' termination of another employee.[4]

On January 13, 2017, the Court granted defendants' motion for summary judgment because Trotta failed to establish a *prima facie* case of retaliation. *Trotta v. Cajun Conti, LLC,* No. 15-1186, 2017 WL 131551 (E.D. La. Jan. 13, 2017). On May 26, 2017, the Chief Deputy Clerk issued a taxation of costs in the amount of $3,233.85 against Trotta pursuant to Federal Rule of Civil Procedure 54(d).[5] Plaintiff now moves the Court for a review of the taxation of costs.[6]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "A district court has wide discretion whether to award costs to the prevailing party." *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006) (citations omitted). On motion and within seven days of the taxation of costs, the Clerk's action may be reviewed by this Court. Fed. R. Civ. P. 54(d). But

---

[4] *Id.* at 3.
[5] R. Doc. 80.
[6] R. Doc. 82. Defendants did not file a response in opposition.

there is a "strong presumption" contained in Rule 54 that the prevailing party will be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

**III. DISCUSSION**

Defendants are the prevailing party in this case. The Fifth Circuit has identified the following circumstances which, if present, may justify denial of costs to the prevailing party: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred on the public; and (5) the prevailing party's enormous financial resources." *Pacheco*, 448 F.3d at 794. An additional factor the Fifth Circuit considers is whether "the losing party prosecuted the action in good faith." *Id.* But good faith may not be the sole reason for denying costs to the prevailing party. *Id.* at 795.

Applying the *Pacheco* factors, the court finds that Trotta has not rebutted Rule 54(d)'s strong presumption that defendants should be awarded costs. Although the Court recognized that Trotta brought his claims in good faith in its order denying defendants an award of attorney's fees, *see Trotta v. Cajun Conti*, No. 15-1186, 2017 WL 785310, at *2 (E.D. La. Mar. 1, 2017), good faith alone does not warrant a denial of taxation of costs. *See Pacheco*, 448 F.3d at 794-95 (noting that good faith alone is not sufficient to

3

deny costs because "[i]f the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d)(1) would have little substance remaining") (citation omitted). Likewise, Trotta's limited financial resources, in addition to proceeding in good faith, is not enough to defeat Rule 54's presumption. *See id.* at 794 (stating that good faith and one other factor may not be enough to deny costs); *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 129 ("[W]e have never held that the limited resources of the losing party provides a basis for denying the prevailing party its costs.") (internal quotation and citation omitted); *Moore v. Citgo Ref. and Chem. Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013) (holding that awarding costs based on the comparison of the parties' finances "would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status") (quoting *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999)); *see also Patterson v. Celadon Trucking Servs., Inc.* No. 09-1, 2010 WL 1424288, at *2 (W.D. Tex. Apr. 2010).[7]

---

[7] In any event, to the extent that a comparison of the parties' finances is relevant, Trotta's reliance on *Chenevert v. Cleco Corp.*, No. 11-1707, 2013 WL 4648292 (W.D. La. Aug. 28, 2013), is unavailing. Costs were not taxed against the losing party in *Chenevert* in part because the prevailing

4

Finally, Trotta relies on *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), to contend that imposing costs against unsuccessful Title VII plaintiffs could discourage potential litigants with meritorious claims from pursuing civil rights actions.[8] *Christiansburg* dealt specifically with attorneys' fees, and has not been extended to taxation of costs. *See Washington v. Patlis*, 916 F.2d 1036, 1040 (5th Cir. 1990) ("Title VII does not make an exception to the general rule that federal courts may award costs to the prevailing party under Rule 54(d)."). Accordingly, the Clerk's taxation of costs will not be vacated against the defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion.

New Orleans, Louisiana, this __3rd__ day of July, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

party was a company with "enormous financial resources" in excess of $100m. *Id.*, at *2. That is not the case with defendants here.

[8] R. Doc. 82-1 at 3.